1 | VILLARREAL HUTNER PC
TRACY S. TODD, ESQ., Cal. Bar No. 172884
2 | E-Mail: ttodd@vhattorneys.com
DANIELLE L. PENER, ESQ., Cal. Bar No. 217355
3 | E-Mail: dpener@vhattorneys.com
575 Market Street, Suite 300
4 | San Francisco, California 94105
Telephone: 415.543.4200
5 | Facsimile: 415.512.7674

6 | Attorneys for Defendant
WAL-MART STORES, INC.

8 | Michael Lee Gilmore, Attorney at Law
MICHAEL LEE GILMORE, ESQ.,
9 | Cal. Bar No. 74463
E-Mail: gilmorelaw@sbcglobal.net
10 | 12395 Lewis Street, Suite 201
Garden Grove, California 92840
11 | Telephone: (714) 750-1766
Facsimile: (714) 750-1884

Attorney for Plaintiff
13 | YVONNE BRYANT.

*[handwritten: NOTE CHANGES MADE BY COURT]*

*[FILED stamp: CLERK, U.S. DISTRICT COURT, JAN 22 2009, CENTRAL DISTRICT OF CALIFORNIA]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Yvonne Bryant, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc., and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO. CV08-02506AHM(SSx)<br><br>[~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER RE: TREATMENT OF CONFIDENTIAL INFORMATION<br><br>Trial Date: May 19, 2009 |

# [~~PROPOS~~ED] ORDER

Good cause being show, the Parties' Stipulated Protective Order Re: Treatment of Confidential Information is hereby granted.

DATED: ~~~~~~~~~~

~~~~~~~~~~~~~~~~
The Honorable A. Howard Matz,
United States District Judge

```
IT IS SO ORDERED.
DATED: 1/21/09
_____
UNITED STATES MAGISTRATE JUDGE
```

2

CASE NO. CV08-02506AHM(SSx)   [~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER RE: TREATMENT OF CONFIDENTIAL INFORMATION

VILLARREAL HUTNER PC
TRACY S. TODD, ESQ., Cal. Bar No. 172884
E-Mail: lhutner@vhattorneys.com
DANIELLE L. PENER, ESQ., Cal. Bar No. 217355
E-Mail: dpener@vhattorneys.com
575 Market Street, Suite 300
San Francisco, California 94105
Telephone: 415.543.4200
Facsimile: 415.512.7674

Attorneys for Defendant
WAL-MART STORES, INC.

Michael Lee Gilmore, Attorney at Law
MICHAEL LEE GILMORE, ESQ.,
Cal. Bar No. 74463
E-Mail: gilmorelaw@sbcglobal.net
12395 Lewis Street, Suite 201
Garden Grove, California 92840
Telephone: (714) 750-1766
Facsimile: (714) 750-1884

Attorney for Plaintiff
YVONNE BRYANT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Yvonne Bryant, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc., and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO. CV08-02506AHM(SSx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: TREATMENT OF CONFIDENTIAL INFORMATION<br><br>Trial Date: May 19, 2009 |

The parties to this action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and Plaintiff Yvonne Bryant ("Plaintiff"), by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

   (b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

   (c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors; and

   (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

*Good cause exists to restrict disclosure of these documents.*

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

   (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

   (b) Deposition notaries and staff;

   (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   (d) Deponents during the course of their depositions or potential witnesses of this case; and

   (e) The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their

*pursuant to L.R. 37*

dispute, they may present a motion to the Court, objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9. Any party wishing to file Confidential Information under seal with the Court shall comply with Local Rule 79-5, and all papers that refer to or rely upon such evidence, shall designate the particular aspects that are confidential.

10. In the event that the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

11. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of

4

information designated confidential pursuant to this Order.

12. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. The Clerk of Court will forward a filed-endorsed copy of the Protective Order to all counsel of record at the addresses listed in the signature lines below.

Dated: January 20, 2009　　　　VILLARREAL HUTNER PC


By　*Tracy S. Todd*
　　　TRACY S. TODD
　　　DANIELLE L. PENER

　　　Attorneys for Defendant
　　　WAL-MART STORES, INC.

| | |
|---|---|
| Dated: January 20, 2009 | MICHAEL LEE GILMORE ATTORNEY AT LAW<br><br>By _____<br>MICHAEL LEE GILMORE<br><br>Attorney for Plaintiff<br>YVONNE BRYANT |